FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2011 AUG 18 P 4: 22

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| SAURIKIT, LLC | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:11CV888 JCC/JFA |
| CYDIA.COM, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, SAURIKIT, LLC for its Complaint against Defendant CYDIA.COM alleges and states as follows:

### THE PARTIES

1. Plaintiff SAURIKIT, LLC ("SAURIKIT") is a limited liability company organized and existing under the laws of the State of California with its principal place of business located at 6935 Phelps Rd. #27, Goleta, California.

2. Defendant, <CYDIA.COM> (hereinafter "CYDIA.COM") is a domain name identified in the Whois database as Cykon Technology Limited ("CYKON"). CYKON's corporate website lists their business address as 1007 Richmond Commercial Building, 107-11 Argyle Street, Kowloon, Kowloon, Hong Kong.

### NATURE AND BASIS OF ACTION

3. The CYDIA.COM domain name is confusingly similar to SAURIKIT's federally registered trademark CYDIA. This is an *in rem* action asserted under the provisions of the ACPA 15 U.S.C. § 1125(d), against the domain name <cydia.com>. SAURIKIT seeks an order compelling VERSIGN GLOBAL REGISTRY SERVICES ("VERISIGN") to change the registrar of the CYDIA.COM domain name so that it may be registered in SAURIKIT's name.

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over the claims for trademark infringement and unfair competition under the Lanham Act, including *inter alia* 28 U.S.C. §§ 1331 and 1338.

5. *In rem* jurisdiction and venue are proper in this judicial district pursuant to 15 U.S.C. § 1125 *et seq.* because (1) the website violates the rights of the trademark owner, SAURIKIT; (2) SAURIKIT is unable to obtain in personam jurisdiction over CYKON (who is located in Hong Kong) or any other person who would be a defendant under 15 U.S.C. § 1125(d)(1); and (3) *in rem* jurisdiction over domain names is proper in the place of incorporation of the registrar for the domain name. *See* 15 U.S.C. 1125(d)(2)(A). Therefore, Virginia courts have proper *in rem* jurisdiction over CYDIA.COM because CYDIA.COM is a ".com" website and Verisign is located within the Alexandria Division of the Eastern District of Virginia and, as successor for Network Solutions, is the registrar for all ".com" websites. *See* McCarthy on Trademarks § 25:79; *Investools, Inc. v. Investtools.com*, 2006 WL 2037577 (E.D. Va. 2006).

6. On August 18, 2011, SAURIKIT sent a notice of the alleged violation and intent to proceed under this paragraph (attaching a copy of this Complaint) to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar.

7. Pursuant to *Harrods v. Sixty Internet Domain Names*, 302 F.3d 214, 228 (4th Cir. 2002), *in rem* jurisdiction over CYDIA.COM allows SAURIKIT to pursue actions for trademark infringement and dilution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

9. SAURIKIT owns and operates a business that, among other things, develops and sells applications ("apps") for the iPhone and other Apple platforms.

10. One of SAURIKIT's most popular products is its electronic application under the trademark CYDIA. SAURIKIT owns the trademark CYDIA by virtue of its first use in the United States of the trademark.

11. Accordingly, SAURIKIT obtained a federally registration for the trademark that protects the CYDIA trademark, U.S. Registration No. 3,768,836. *See* Exhibit 1 (incorporated by reference). This mark is referred to herein as CYDIA. This U.S. registration is valid and subsisting in law, was duly and legally issued, and is *prima facie* evidence of the validity of the marks registered, and constitutes constructive notice of SAURIKIT's ownership of such marks in accordance with 15 U.S.C. §§ 1057(b) and 1072.

12. SAURIKIT is informed and believes, and on that basis alleges that a company believed to be CYKON is operating CYDIA.COM.

13. The website reachable at the domain name CYDIA.COM indicates that the site has been "[sic] temporary suspended" because of "massive malicious attacks and overwhelming spam activities by hackers." *See* Exhibit 2 (incorporated by reference).

14. The CYDIA.COM website also indicates the site is an "Apple forum," a discussion platform for "Mac Computers / iPhone / iPod / iPad." *See* Exhibit 2.

15. The website prominently displays the trademark CYDIA.COM in the body of the main page.

16. Attempts to contact the operators of CYDIA.COM have been in vain. In fact, despite SAURIKIT notifying CYKON of the infringing website, CYKON continued to allow CYDIA.COM to infringe and even changed the content on the site to increase the likelihood of confusion.

   a. On October 17, 2008, after CYDIA was already a trademark in use by SAURIKIT, SAURIKIT contacted CYKON regarding its registration for the domain name. Prior to this time, the domain name CYDIA.COM was used to house generic advertisements (a "parked" page). The types of products and services offered by SAURIKIT under the trademark were identified, including connectionist use of an iPhone platform.

   b. On December 18, 2008, an individual going by the name of "Peter" on behalf of CYKON demanded profit-sharing in order to release control of the website.

c. Blatantly, the content was then changed from a "parked" page, to a page with advertising specifically targeted at iPhone users who would be misdirected to the competing site when searching for SAURIKIT'S CYDIA products (the very products that had just been identified to CYKON).

d. This use continued until March 6, 2010, when SAURIKIT again contacted CYKON and notified it that the website was infringing its trademarks, and was an obvious attempt to trade off the value of the CYDIA trademark (as CYKON had done in registered some 600 or so other domain names, many of which were misspellings of famous marks such as NOKIA). Demand was made that use of the domain name cease and it be transferred to SAURIKIT.

e. In response, that same day, the content on CYDIA.COM was changed from an advertising page to a website purporting to act as a forum discussion board for Apple products. The forum page was poor quality, and the content was hastily added with backdated entries falsely stating they were from July 2009. The "Cydia.com" trademark was still used prominently in multiple places on the website.

f. The website continues to the present using the CYDIA trademark and confusingly similar trademarks to deceive the public and redirect traffic from those searching for SAURIKIT'S CYDIA products.

17. SAURIKIT has determined further non-litigation attempts at resolution would be inadequate, and so has diligently and promptly filed this suit in order to obtain transfer of this domain name to SAURIKIT.

## COUNT I

### TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114

18. SAURIKIT realleges all allegations in this Complaint as if stated herein.

19. SAURIKIT is the owner of a federal trademark registration in the CYDIA trademark, U.S. Registration No. 3,768,836.

20. In addition to its federal trademark registration, SAURIKIT has common law rights in its CYDIA brand name by virtue of extensive first use as a trademark across the United States.

21. CYKON is operating the CYDIA.COM domain name without permission from SAURIKIT.

22. Because of CYDIA.COM's use of the Cydia brand name, Defendant's use of the infringing mark has caused significant confusion in the marketplace and is likely to cause both confusion and mistake as to the affiliation, connection or association of SAURIKIT with CYDIA.COM or as to the origin, sponsorship, or approval of the CYDIA.COM website.

23. The likelihood of consumer confusion is increased by the fact that the infringing domain name is reachable at the address CYDIA.COM; ".com" is not a meaningful modifier and its use indicates that this is the "home page" for the Cydia brand application. Plaintiff has received multiple inquiries about its continued operations, with consumers believing it to have ceased as a result of the impression given by the CYDIA.COM web content, confirming that consumers associate the website at CYDIA.Com with Plaintiff's trademark.
Certain language on the CYDIA.COM website also increases the likelihood of consumer confusion because it indicates that CYDIA.COM is an "Apple forum," a discussion platform for "Mac Computers / iPhone / iPod / iPad" and this is the same industry in which SAURIKIT conducts business.

24. Additionally, the failure to cease infringement after a demand to cease was made, and the redesign of the website to offer highly related services to those offer by Plaintiff under the CYDIA trademark, shows a willful infringement of Plaintiff's trademark. SAURIKIT is informed and believes, and on that basis alleges that the CYDIA.COM domain name willfully, intentionally, maliciously, deliberately and in bad faith infringed SAURIKIT's mark with knowledge that such use would or was likely to cause confusion and deceive others, including by its continuing to operate the CYDIA.COM website despite notification by SAURIKIT.

25. As a direct and proximate result of CYDIA.COM's trademark infringement, SAURIKIT has been damaged within the meaning of 15 U.S.C. § 1114 *et seq.*

26. This case qualifies for attorneys' fees pursuant to 15 U.S.C. § 1117.

27. SAURIKIT's remedies at law are not adequate to compensate for injuries inflicted by Defendant. Accordingly, SAURIKIT is entitled to temporary, preliminary and permanent injunctive relief.

## COUNT II

## TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125 -- DILUTION

28. SAURIKIT realleges all allegations in this Complaint as if stated herein.

29. SAURIKIT is the owner of a federal trademark registration in the Cydia trademark, U.S. Registration No. 3,768,836.

30. The CYDIA.COM domain name dilutes the Cydia brand mark by tarnishment because the website states that the site has been "[sic] temporary suspended" because of "massive malicious attacks and overwhelming spam activities by hackers."

31. This statement causes consumers to believe that the Cydia brand application and, by extension, other SAURIKIT products (1) are unreliable, (2) are unsecured, (3) may cause malicious consequences on the electronic device on which CYDIA or other SAURIKIT products are installed, or (4) are not adequately supported with technical assistance by SAURIKIT.

32. Consumers are likely to associate these statements as being statements directly made by a website affiliated with Plaintiff's CYDIA trademark, thereby further heightening the likelihood of confusion and resultant harm to Plaintiff.

33. As a direct and proximate result of CYDIA.COM's trademark infringement, SAURIKIT has been damaged within the meaning of 15 U.S.C. § 1125 *et seq.*

34. This case qualifies for attorneys' fees pursuant to 15 U.S.C. § 1117.

35. SAURIKIT's remedies at law are not adequate to compensate for injuries inflicted by Defendant. Accordingly, SAURIKIT is entitled to temporary, preliminary and permanent injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, SAURIKIT prays that the Court grant the following relief:

1. Judgment in favor of SAURIKIT and against Defendant on all claims;

2. An order temporarily and permanently enjoining Defendant from trademark infringement and dilution, and directing the Registrar to transfer the domain name to Plaintiff;

3. An order compelling VeriSign to change the registrar of the CYDIA.COM domain name to a registrar of SAURIKIT's choosing and thereafter be registered in SAURIKIT's name;

4. Immediate transfer, by whatever means necessary, of the CYDIA.COM domain name to SAURIKIT;

5. Recovery of Plaintiff's attorneys' fees and costs incurred in this action under, among others 15 U.S.C. § 1117(a); and

6. Such other, different, and additional relief as the Court deems just and proper.

Dated: August 18, 2011                    Respectfully submitted,

                                          /s/ David Barmak
                                          David Barmak (VSB No. 15853)
                                          dbarmak@mintz.com
                                          MINTZ, LEVIN, COHN, FERRIS,
                                           GLOVSKY AND POPEO, PC
                                          701 Pennsylvania Avenue NW
                                          Suite 900
                                          Washington, DC  20004
                                          Telephone:  (202) 585-3507
                                          Facsimile:  (202) 434-7400

                                          *Counsel for Plaintiff Saurikit, LLC*

Of Counsel:

Andrew D. Skale (VSB #41905, active status pending)
askale@mintz.com
Ben L. Wagner
bwagner@mintz.com
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA  92130
Telephone:  (858) 314-1500
Facsimile:   (858) 314-1501