IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SAURIKIT, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:11cv0888 (JCC/JFA) |
| CYDIA.COM, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Currently pending before the court is plaintiff's motion for default judgment (Docket no. 11), a motion to set aside entry of default (Docket no. 26), and a motion for leave to file an answer out of time (Docket no. 29). For the reasons discussed below, the court will grant the claimant's motion to set aside the default and motion for leave to file an answer out of time if the claimant complies with certain conditions that would ameliorate the prejudice to the plaintiff in vacating the entry of default and allowing the filing of an answer out of time.

### Procedural History

On August 18, 2011, plaintiff filed this *in rem* action against the domain name <cydia.com> asserting a claim under the Anticybersquatting Consumer Protection Action ("ACPA"), 15 U.S.C. § 1125(d). (Docket no. 1). On August 18, 2011, plaintiff sent a letter providing notice of violation and intent to proceed under 15 U.S.C. § 1125(d) and a copy of the complaint (signed but without the civil action number) to the registrant of <cydia.com> by e-mail and first class mail. (Docket no. 4, Ex. B). As shown in the supplemental declaration of Chan Tsz Man Peter, the notice and a copy of the complaint were received by the registrant by e-mail on August 19, 2011 and by air mail at a later date in August. (Docket no. 41-1 at ¶¶ 4, 5).

1

On August 26, 2011, plaintiff filed a motion to waive service by publication along with a memorandum in support of the motion. (Docket nos. 3, 4). These pleadings contain a certification from plaintiff's counsel that he had sent a copy of those pleading to the registrant on August 26, 2011 by e-mail and by international FedEx. (*Id.*). On November 10, 2011, counsel for the plaintiff filed a "notice of correction" in which he states that the pleadings which he certified had been sent to the registrant on August 26, 2011 were in fact not sent to the registrant. (Docket no. 39). In accordance with the provisions in 15 U.S.C. § 1125(d), plaintiff was ordered to provide notice of this action by publication in *The Washington Times*. (Docket no. 6). An order of publication (Docket no. 7) was published as directed by the court on September 6, 2011 (Docket no. 8). As set forth in the order of publication, any person having an interest in the domain name <cydia.com> was required to file an answer, claim, or response to the complaint with the Clerk of Court within 21 days from the date of publication. Accordingly, any answer, claim, or response to the complaint was to be filed no later than September 27, 2011.

On September 28, 2011, plaintiff filed a request for entry of default along with a declaration of David Barmak. (Docket no. 9). This request for entry of default was not served on the registrant.[1] The Clerk of Court entered a default on September 29, 2011. (Docket no. 10). On September 30, 2011, the plaintiff filed a motion for default judgment, a memorandum in support of the motion for default judgment, and a notice of hearing for October 14, 2011. (Docket nos. 11-13). Copies of the motion for default judgment, the memorandum in support of the motion for default judgment, and notice of hearing were sent to the registrant by e-mail and first class mail on September 30, 2011. (*Id.*).

---

[1] The declaration of David Barmak filed with plaintiff's motion for entry of default judgment on September 30, 2011 (Docket no. 11) states "Saurikit filed a request for entry of default judgment with the Clerk of Court on September 28, 2011. On September 28, 2011, Saurikit served the request for entry of default judgment on the registrant of the defendant domain name . . ." (Docket no. 12-1 at ¶ 2). The pleading filed on September 28, 2011 was a request for entry of default and it was not served on the registrant of the defendant domain name.

2

On October 12, 2011, counsel made an appearance on behalf of a claimant to the defendant domain name (Docket no. 14) and filed a stipulated motion to continue the hearing on the motion for default judgment for one week stating that earlier that week Cykon Technology Limited, a Hong Kong company and owner of the <cydia.com> domain name, had engaged her firm to represent its interest in this *in rem* action (Docket no. 15). On October 18, 2011, counsel filed an answer on behalf of the claimant without seeking leave of court to file a late answer. (Docket no. 18). The evening before the rescheduled hearing on plaintiff's motion for default judgment counsel filed an opposition to the motion for default judgment. (Docket no. 20).

On October 21, 2011, counsel for the plaintiff and counsel for the claimant appeared before the court and presented argument on the motion for default judgment. The motion was taken under advisement and the hearing continued to November 4, 2011 to allow the claimant an opportunity to file a proper motion to set aside the default and for leave to file a late answer. (Docket no. 22). On October 28, 2011, counsel for the claimant filed a motion to set aside the default, a motion for leave to file an answer out of time, memoranda in support of those motions, and notices of hearing for November 4, 2011. (Docket nos. 26-31). On November 2, 2011, plaintiff filed oppositions to claimant's motions (Docket nos. 32, 33) and claimant filed a reply (Docket no. 34). After hearing argument from counsel on those motions the court took the motions under advisement and instructed counsel to confer in good faith in an attempt to resolve the matter and to report to the court on November 10, 2011. (Docket no. 36). Each party filed a statement on November 10, 2011 that a resolution of the pending matter had not been reached. (Docket nos. 40, 42). In addition to these statements, plaintiff filed a notice of correction informing the court that the certificates of service contained in the pleadings filed on August 26, 2011 erroneously certified that the pleadings were sent to the registrant for the defendant domain

name (Docket no. 39) and claimant filed a supplemental memorandum in support of its motion for leave to file an answer out of time (Docket no. 41).

### Analysis

Given the procedural history of this case it is appropriate to consider the defendant's motion to vacate the entry of default and motion for leave to file an answer out of time prior to ruling on the plaintiff's motion for default judgment. The law in the Fourth Circuit is clear:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.
>
> * * *
>
> We have repeatedly expressed a strong preference that, as a general matter, defaults are to be avoided and that claims and defenses be disposed of on their merits. *E.g., Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); *Consolidated Masonry & Fireproofing*, 383 F.2d at 251 ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.").

*Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (*quoting Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)). After a review of the six factors established by the Fourth Circuit and taking into consideration the strong preference that claims be decided on their merits, the court finds that the default that was entered by the Clerk on September 29, 2011 should be set aside if the claimant complies with the conditions set forth below.

### Meritorious Defense

On October 18, 2011, claimant filed an answer in this case, after the time period for filing an answer had expired and a default had been entered by the Clerk but before the entry of a

4

default judgment. (Docket no. 18). On October 28, 2011 claimant filed a motion for leave to file answer out of time (Docket no. 29) along with a motion to set aside default (Docket no. 26). The answer that has been tendered by the claimant admits that <cydia.com> is a domain name; that Cykon Technology Limited ("Cykon") is a Hong Kong limited liability company located in Hong Kong; that Cykon is the owner of the <cydia.com> domain name and operates the website at www.cydia.com; and that <cydia.com> is similar to the trademark CYDIA. (Docket no. 18). The claimant's proposed answer also asserts that Cykon holds rights in the CYDIA mark in Hong Kong that are superior to and predate the claimed rights of plaintiff by more than 5 years; denies that the content found on www.cydia.com is likely to cause confusion; denies that the CYDIA mark is "distinctive" or "famous"; and affirmatively states that Cykon acted in good faith at all times. (*Id.*).

While plaintiff strongly disagrees with the positions taken by the claimant in its proposed answer, the issue is whether the claimant has alleged a meritorious defense or claim. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim. The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (internal citations and quotations omitted). At this stage of the proceedings it cannot be said that claimant may not have a meritorious defense or claim given that claimant denies that there has been any confusion, denies that the CYDIA mark is distinctive or famous, denies any bad faith, and states that the allegedly infringing domain name was registered several years before plaintiff obtained any right in the mark CYDIA. While claimant faces an uphill battle to overcome the claim of trademark infringement under the ACPA in the

complaint (which does not require a finding of bad faith), the allegations and denials in the proposed answer may provide a basis for a defense to plaintiff's claim.

### Promptness of Defendant's Action

While there is no doubt that service in this *in rem* action was accomplished in accordance with the provisions of the ACPA and that claimant did not file an answer within the time period allowed under the Rules, the claimant did act with reasonable promptness once it received plaintiff's motion for default judgment. Notice of this action along with a copy of the complaint (without the civil action number) was sent to the registrant of the defendant domain name on August 18, 2011 as required by the ACPA and a representative of the registrant Cykon has acknowledged receiving a copy of that notice on August 19, 2011. However, for service to be accomplished, plaintiff was required to publish notice of this action, which it did on September 6, 2011. As stated in the order of publication, service was deemed completed on that date and any answer, claim, or response to the complaint was to be filed within 21 days (September 27, 2011). On September 28, 2011, plaintiff requested the entry of default and a default was entered by the Clerk on September 29, 2011. On September 30, 2011, plaintiff filed a motion for default judgment, memorandum, and notice. These pleadings were sent to the registrant of the defendant domain name by e-mail and by international FedEx on September 30, 2011. Within 7 business days of the service of the motion for default judgment and within 10 business days of the date a responsive pleading was due, counsel for the claimant filed a notice of appearance and a motion to continue the hearing on the motion for default judgment.[2]

Under the circumstances in this case the court finds that the claimant did act with reasonable promptness once it became aware that the complaint had been filed and served, that a default had been entered, and that the plaintiff was seeking a default judgment. Contrary to the

---

[2] These calculations do not include Columbus Day, a federal holiday.

certifications contained in the certificates of service filed with the motion to waive service by publication and the statement in plaintiff's memorandum of points and authorities in support of its motion for entry of default judgment (Docket no. 12 at 2), plaintiff did not serve the claimant with those pleadings on August 26, 2011. Plaintiff also did not serve the registrant of the defendant domain name with the notice filed on September 20, 2011 indicating its compliance with the order of publication or the request for entry of default filed on September 28, 2011. While plaintiff's "notice of correction" provides citations to cases from other jurisdictions for the proposition that service of a motion seeking to approve the manner of service is not required, it provides no explanation for the incorrect certifications and representation in the memorandum and it does not account for this court's established practice of requiring all pleadings filed with the court to be sent to a party, including a request for entry of default.

While the notice of violation sent to the registrant of the defendant domain name complied with the notice requirements in the ACPA, it did not state that the complaint had been filed with the court and the copy of the complaint did not contain a civil action number or any indication that it had been filed. The order of publication required a single publication in *The Washington Times*, a newspaper of general circulation where the *res* (the domain name) is deemed to reside under the ACPA. It is not surprising that the registrant in Hong Kong did not see this published notice and if the plaintiff had sent the motion to waive publication filed on August 29, 2011 and the notice and declaration filed on September 20, 2011 to the registrant then the consideration of this factor may have been different.

Under these circumstances the court finds that defendant did act with reasonable promptness once it became aware that the the complaint had been filed and served.

### Personal Responsibility of the Defaulting Party

There is no doubt that the defaulting party is personally responsible for its actions. This is not a case in which some other person or entity failed to act promptly.

### Prejudice to the Plaintiff

To determine if the non-defaulting party would be prejudiced if the default is set aside, courts examine whether the delay: (1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud. *Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009). Plaintiff has not presented any evidence that the short delay in claimant's appearance in this case has resulted in the inability or difficulty in having its claims resolved on the merits. No evidence has been lost or witnesses become unavailable. The prejudice that plaintiff claims is the delay in having this case resolved, the potential of continuing infringement and confusion, and the costs incurred in these default proceedings. The Fourth Circuit has routinely held that "delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418. As discussed below, the court will impose certain conditions as alternative sanctions to alleviate some of the potential prejudice claimed by the plaintiff.

### History of Dilatory Action

Plaintiff argues that in addition to the delay in the claimant making an appearance in this case the court should take into consideration the registrant's delay in responding to the complaint filed on December 15, 2010 by the plaintiff with the WIPO Arbitration and Mediation Center under the Uniform Domain Name Resolution Policy. It appears from the decision rendered by the panelist handling that arbitration that the response was due on January 11, 2011 and that a

response was filed on January 21, 2011 (10 days late). Given the delay in the WIPO proceeding was only 10 days and the delay in this action was also a short period of time, the court finds that there has not been a history of any significant dilatory action by the defaulting party.

Availability of Less Drastic Sanctions

The last factor to be considered is the availability of sanctions that are less drastic than the entry of a default and default judgment. Having reviewed the circumstances underlying this dispute the court finds that less drastic alternatives are available that would alleviate some of the prejudice claimed by the plaintiff in having the default set aside and the resulting delay and additional cost. As to the costs incurred in these default proceedings, the court finds that a payment of $2,000.00 would be an appropriate amount given that plaintiff incurred the cost of obtaining a default, filing its motion seeking a default judgment and related pleadings, and court appearances. As to the concerns relating to the delay in having this case resolved and the potential for continued infringement of plaintiff's trademark and confusion of the public, an appropriate alternative is for the website or webpage currently available at the defendant domain name to be taken down and arrangements made so that no website or web page be accessible from the defendant domain name, including redirecting from that domain name, while this action (and any appeal) is pending.

For the reasons stated above, an order will be entered providing that the motion to set aside entry of default will be granted on the conditions that within 7 days of the issuance of the order (1) any website or webpage currently located at www.cydia.com be deactivated; (2) steps be taken so that the IP address www.cydia.com does not resolve to any website or webpage during the pendency of this action; (3) steps be taken so that no redirecting from the IP address www.cydia.com be allowed during the pendency of this action; and (4) claimant shall tender a

payment of $2,000.00 to plaintiff to reimburse in part the costs incurred by the plaintiff as a result of the claimant's dilatory conduct.

Entered this 21st day of November, 2011.

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

10