```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


SAURIKIT, LLC                  )
                               )
     Plaintiff,                )
                               )
          v.                   )   1:11cv888 (JCC/JFA)
                               )
CYDIA.COM                      )
                               )
     Defendant.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Saurikit, LLC's Motion for Judgment on the Pleadings or, in the alternative, a Court-Ordered Settlement Conference (the Motion) [Dkt. 54]. For the following reasons, the Court will deny Plaintiff's Motion.

### I.   Background

Plaintiff brings an *in rem* action against the domain name <cydia.com>, alleging violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) (the ACPA). The procedural history of this case was thoroughly presented in Magistrate Judge Anderson's November 21, 2011 Memorandum Opinion. [Dkt. 43.]

Plaintiff filed its Complaint on August 18, 2011, seeking injunctive relief against the domain name <cydia.com>.

1

[Dkt. 1.] Plaintiff sent a letter providing notice of violation to the registrant of <cydia.com> by email and first class mail [Dkt. 4] and, as directed by the Court, published notice of the action on September 6, 2011 [Dkt. 7]. No response was received, and on September 28, 2011, Plaintiff filed a request for entry of default. [Dkt. 9.] Default was entered by the Clerk of the Court on September 29, 2011. [Dkt. 10.] And on September 30, 2011, Plaintiff filed a motion for default judgment. [Dkt. 11.]

On October 12, 2011, counsel made an appearance for Defendant domain name <cydia.com>. [Dkt. 14.] Counsel filed a motion to stay the default hearing, which states that "[o]n October 10, 2011, Cykon Technology Limited, a Hong Kong company and owner of the cydia.com domain name, engaged Blank Rome to represent its interest in this *in rem* action." [Dkt. 15.] Counsel also filed a late answer on October 18, 2011. [Dkt. 18.] The Answer states that Cykon Technology Limited (Cykon) is the owner of the domain name <cydia.com>. (Answer [Dkt. 18] ¶¶ 5, 12, 16.) The Answer is signed, "Counsel for CYDIA.COM." (*Id.*)

After the Court heard argument on the motion for default judgment, Defendant filed a motion to set aside the default and asked for leave to file an answer out of time. [Dkts. 26, 29.] After receiving opposition to those motions, and after encouraging the parties to in good faith resolve the

2

dispute, the Court made a number of rulings.  The Court granted the motion to set aside entry of default, provided certain conditions were met [Dkt. 44], granted the motion for leave to file answer out of time [Dkt. 45], and denied Plaintiff's motion for default judgment [Dkt. 45].  In doing so, the Court recognized that Cykon is the claimant in the instant case and found that Cykon acted with reasonable promptness in response to the default once it learned the Complaint had been filed.  (Mem. Op. [Dkt. 43] at 3, 6.)  Thereafter, the Court entered a Scheduling Order and discovery was served.  [Dkts. 48-50.]

On March 27, 2012, Plaintiff filed the instant Motion, arguing that the Answer is ineffective because it was filed by the domain name <cydia.com> and not by the owner of the domain name, Cykon.  [Dkt. 54.]  Defendant filed Opposition on April 6, 2012 [Dkt. 57] and Plaintiff filed a Reply on April 11, 2012 [Dkt. 59].

Plaintiff's Motion is now before this Court.

## II.  Standard of Review

To ensure that each litigant receives a full and fair hearing, courts will not grant a Rule 12(c) motion "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  *O'Ryan v. Dehler Mfrg. Co., Inc.*, 99 F. Supp. 2d 714, 718 (E.D. Va. 2000)("Judgment should be entered when the

3

pleadings, construing the facts in the light most favorable to the non-moving party, fail to state any cognizable claim for relief, and the matter can, therefore, be decided as a matter of law.") (citing *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 329 (4th Cir. 1997)). In reviewing a Rule 12(c) motion, the "court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368. A motion for judgment on the pleadings may be made "after the pleadings are closed but early enough not to delay trial." Fed. R. Civ. P. 12(c). The standard of review for a Rule 12(c) motion is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

### III. Analysis

A. <u>Motion for Judgment on the Pleadings</u>

Pursuant to Federal Rule of Civil Procedure 12(c), Plaintiff moves for judgment on the pleadings. (Pl.'s Mem. [Dkt. 55] at 2.) Plaintiff argues that it is entitled to judgment because there is no Answer on file by a "claimant." (*Id.*) Plaintiff asserts this is the case because the Answer is filed by the property itself, and not the owner of the property. (*Id.*) Plaintiff's argument appears to hinge on the fact that

4

the Answer is signed, "Counsel for CYDIA.COM." Yet, the Answer states that Cykon is the owner of the domain name, and earlier pleadings explicitly state that "Cykon Technology Limited, a Hong Kong company and owner of the cydia.com domain name, engaged Blank Rome to represent its interest in this *in rem* action." [Dkts. 15, 18.]

Plaintiff relies on *Caesars World, Inc., v. Caesars-Palace.com,* 112 F. Supp. 2d 505, 508-09 (E.D. Va. Aug. 25, 2000), in which this Court recognized that the ACPA does not specify procedures for claimants in an *in rem* action, and found that "the answer should have been filed on behalf of claimant or claimants seeking to assert their interests in the domain name." The Court reasoned that "as an inanimate thing, the domain name could not and did not hire attorneys to file an answer." *Id.* In that case, the defendant was refusing to identify the sponsor of the litigation and refusing to participate in the discovery process. *Id.* at 506. Thus, the Court's rationale was grounded in a concern about its ability to "determine the interests of certain persons to [the] *res.*" *Id.* The Court in *Caesars World, Inc.* noted that, "[a]s claimants, the persons or entities filing the answer have reciprocal duties to engage in discovery . . . ." *Id.*

Here, unlike the defendants in *Caesars World*, Cykon has continuously taken the steps required of it in order to come

forward and argue its ownership interest in the *res.*  (Opp. [Dkt. 57] at 3.)  Cykon has engaged Plaintiff in the discovery process and settlement negotiations.  (*Id.*)  And, unlike *Caesars World,* there is no question from the face of the pleadings that Cykon is the owner of the domain name and is a claimant in this case.[1]  The Court confirmed this when it addressed the motion to set aside the entry of default and ordered Cykon to meet certain conditions regarding the domain name.  [Dkt. 44.]  Thus, nothing in *Caesars World* compels a rule that Cykon present its pleadings or sign its Answer any differently than it did in this case.  This Court finds that Cykon's Answer is sufficient and denies Plaintiff's motion for judgment on the pleadings.

The Court notes that to the extent that Plaintiff asks this Court to join Cykon as a party to the action, or compel Cykon to appear in the U.S. for a deposition, those issues are not properly before the Court on the motion for judgment on the pleadings.

### B. Motion for a Settlement Conference

Finally, Plaintiff requests that if Cykon is found to be a claimant, this Court order a settlement conference pursuant to Local Rule 83.6.  (Pl.'s Mem. at 5.)  Plaintiff argues that

---

[1] Plaintiff fails to explain why its attempt to distinguish Cykon as a claimant to the property versus a claimant in the litigation is meaningful here.  (Reply [Dkt. 59] at 1.)  Plaintiff argues that Cykon has failed to take the affirmative step of appearing as a claimant in the action.  (*Id.*)  Yet, the only example that Plaintiff provides – Cykon's alleged refusal to appear in the United States for a deposition - relates to Cykon's participation in the discovery process and not the sufficiency of Cykon's Answer.

an in person mediation with Cykon would be beneficial because "Cykon is simply too hard to communicate with regarding settlement." (*Id.*) Yet, Defendant submits that it has provided a settlement counteroffer and is participating in discovery. Absent additional evidence, the Court finds that Plaintiff has not shown why a mandatory settlement conference is necessary. As a result, the Court denies Plaintiff's motion for a settlement conference.

### IV. Conclusion

For these reasons, the Court will deny Plaintiff's Motion.

An appropriate Order will issue.


April 17, 2012                      /s/
Alexandria, Virginia         James C. Cacheris
                           UNITED STATES DISTRICT COURT JUDGE